UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH A. RUSHING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04494-JPH-DML |
| JOHN NWANNUNU, et al. | ) ) ) |
| Defendants. | ) |

**Order Denying Motion for Assistance Recruiting Counsel and
Motions for Extension of Time**

The plaintiff asks the Court to assist him with recruiting counsel to represent him in this case. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

1

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007). With respect to the first question, the plaintiff alleges that he has sent letters to one attorney, one law firm, and three organizations (the Indianapolis Bar Association, the American Civil Liberties Union of Indiana, and the office of the Indiana Public Defender). Dkt. 34. He does not report whether he has received any responses or on what basis any attorneys chose not to represent him, which means that he does not know how the private market of attorneys would view his claims. He should continue his own efforts to recruit counsel.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The plaintiff's motion indicates that he has a little difficulty reading, some comprehension difficulty, a sixth-grade education, and he has received assistance from another inmate who is no longer at the facility. He also states that his access to the law library has been limited due to the COVID-19 pandemic. The plaintiff does not state that he has any physical or mental health issues besides slow comprehension as it relates to the law.

The Court finds that the plaintiff is competent to litigate this case on his own at this time. This case is in its early stages. The plaintiff has filed a viable complaint and has been able to describe his condition and his claims intelligently. To the extent that he is unable to timely

complete tasks in this case due to lack of library access, he may file a motion for an extension of time as appropriate.

As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson*, 750 F.3d at 712. Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases.

For the reasons explained above, the plaintiff is competent to litigate the case himself at this time. His motion for assistance with recruiting counsel, dkt. [34] is therefore **denied**. Accordingly, because the Court has denied Mr. Rushing's motion for assistance recruiting counsel, Mr. Rushing's motions for extension of time to await the recruitment of counsel, dkts. [38, 40, and 41], are also **denied.**

**SO ORDERED.**

Date: 7/6/2020

                                                 James Patrick Hanlon
                                                 United States District Judge
                                                 Southern District of Indiana

Distribution:

JOSEPH A. RUSHING
895997
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Blair Martin Roembke
EICHHORN & EICHHORN LLP (Indianapolis)
broembke@eichhorn-law.com

Michael Roth
EICHHORN & EICHHORN
mroth@eichhorn-law.com

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com